**Earl M. CADWELL, Plaintiff Pro Se,**

v.

**NEW YORK CITY DEPARTMENT OF CORRECTION, New York City Department of Personnel, and New York City Civil Service Commission, Defendants.**

**No. 89 Civ. 3533 (JES).**

United States District Court,
S.D. New York.

Nov. 5, 1990.

Earl M. Cadwell, Jamaica, N.Y., pro se.

Victor Kovner, Corp. Counsel for City of New York, New York City, for defendants, Paul Marks, John Harrisingh, Asst. Corp. Counsel, of counsel.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge:

Plaintiff Earl M. Cadwell, a black male, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (1988), alleging that the defendants did not appoint him to a position as a correction officer for racially discriminatory reasons. Defendants move for summary judgment dismissing the complaint. For the reasons that follow, defendants' motion is granted.

### BACKGROUND

In 1986, plaintiff took and passed a civil service examination for the position of probationary correction officer with the defendant Department of Correction. He was placed number 70 on the rank-ordered civil service eligibles list ("List 2153"). Pursuant to N.Y. Civil Service Law § 61 (McKinney 1983 & Supp.1990) and Rule 4.7.4 of the Rules and Regulations of the City Personnel Director, the Personnel Division of the Department of Correction considered plaintiff for appointment to three successive vacancies. *See* Affidavit of Alan Vengersky at ¶ 5 (sworn to Dec. 20, 1989) ("Vengersky Aff."). However, plaintiff was not selected for appointment. During the time that plaintiff was considered, twenty-three candidates were appointed as probationary correction officers. *See id.* Twelve of the successful candidates were black, eight were hispanic, and three were white. *See id.* at ¶ 5 & Ex. A. Moreover, the two appointed candidates with the closest eligible list numbers to plaintiff, list number 68 and list number 73, were both black. *See id.*

Following receipt of the notification that he was not selected for appointment, plaintiff filed a formal charge of racial discrimination with the appropriate state agency. After conciliation efforts proved unsuccessful, the matter was transmitted to the Unit-

ed States Attorney General, who issued a formal notice of right to sue on or about March 17, 1989. Thereafter, on May 16, 1989, plaintiff instituted this action.

## DISCUSSION

Defendants argue that no rational jury could find that plaintiff was a victim of race discrimination because the majority of the people appointed to the position he sought were minorities. The Court agrees.

 The " 'factual inquiry' in a Title VII case is '[whether] the defendant intentionally discriminated against the plaintiff.' " *United States Postal Service v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983) (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981)). Therefore, where, as here, the defendant has submitted evidence that the majority of the people who received the position sought by plaintiff were minorities, plaintiff must produce evidence that would demonstrate that he was treated less favorably than other candidates in circumstances from which a racially discriminatory motive could reasonably be inferred. *Cf. Montana v. First Federal Savings & Loan Ass'n*, 869 F.2d 100, 106–07 (2d Cir.1989) (sex discrimination). Plaintiff has failed to produce any such evidence.[1] It follows that no rational jury could find that defendants' decision not to hire plaintiff was based upon racial discrimination.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment dismissing the complaint is granted. The Clerk of the Court is directed to close the above-captioned action.

It is SO ORDERED.

---

**1.** In his response to the defendants' motion, plaintiff argued that defendants did not properly notify him each time he was considered and not selected for the position as plaintiff contends was required by N.Y. Civil Service Law § 61 (McKinney Supp.1990). However, even assuming arguendo that plaintiff was not properly notified under state law, that circumstance would not, in and of itself, be sufficient to support his Title VII claims.